**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS MATEO,<br><br>     Plaintiff,<br><br>  v.<br><br>WALTER DELEON, *et al.*,[1]<br><br>     Defendants. | Civil Action No. 23-23229 (MAS) (TJB)<br><br>**OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Plaintiff Louis Mateo's civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 8). Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

---

[1] In the caption of this matter, the Clerk's Office grouped Defendants Walter Deleon and Officer Cason's names into a single entity, "Walter Deleon Cason." Because it is clear from the complaint that these are two separate individuals, the Clerk is directed to amend the caption of this matter to name Defendants Deleon and Cason as two separate Defendants.

I.  **BACKGROUND**

Plaintiff is a state pretrial detainee currently detained in the Mercer County Correctional Center. (ECF No. 1 at 1-2.) Plaintiff's claims in this matter arise out of his arrest in January 2023. (*Id.* at 6.) According to Plaintiff, on January 25, 2023, he was walking down Martin Luther King Boulevard carrying a rifle, which he claims to have found and planned to "turn in" when police confronted him with weapons drawn. (*Id.*) The officers arrested Plaintiff, handcuffed him, took him into custody, and detained him under "a warrant of indictment." (*Id.*) Plaintiff contends that, in seeking a warrant, Defendants Deleon and Cason made false statements on an affidavit of probable cause. Plaintiff, however, does not detail what false statements they allegedly made, nor does Plaintiff otherwise present facts to support his conclusory assertion that he was arrested without probable cause. (*Id.* at 9.)

On January 26, 2023, Plaintiff was taken to the county jail, where he was to be held over pending a bond hearing. (*Id.*) Plaintiff contends that he should not have been accepted into the jail as the documents provided to the jail by police were faulty as certain signatures were not properly present on the documents. (*Id.*) Plaintiff was held until early February, when he appeared for a detention hearing and was continued in detention pending the outcome of his criminal proceedings, allegedly because his appointed counsel proved constitutionally deficient. (*Id.*)

II.  **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v.*

*Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.     DISCUSSION

In his complaint, Plaintiff seeks to raise what this Court construes as false imprisonment and false arrest claims against the officers who arrested him, court staff who prepared the warrant in his case, and jail officials who accepted him into the facility despite technical faults in his commitment documents. False arrest and false imprisonment are two halves of the same coin and share the same basic elements—that the defendants arrested or confined the plaintiff without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest); *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (false imprisonment). Although Plaintiff believes that his arrest and imprisonment were improper and that certain false statements and deficiencies appear in probable cause affidavits and commitment documents, he does not detail in his complaint any facts to support the conclusion that officers lacked probable cause to arrest him and turn him over for imprisonment. Instead, he provides basic facts that, in the absence of contrary indications, suggest the officers may well have had probable cause—that he was encountered by police while walking down a major public street, carrying a rifle that did not belong to him. Although the presence of additional facts, such as prior reports of the rifle being found and instructions to turn it into police, might be enough to call the probable cause of the officers into question, Plaintiff has presented no such contrary facts. The carrying of a firearm without the proper authorization is currently a crime in New Jersey. *See, e.g.*, N.J. Stat. Ann. § 2C:39-5(c). Further, Plaintiff has not alleged facts in his complaint to call probable cause into question. Plaintiff, consequently, has not pled facts to support a lack of probable cause, and his false arrest and false imprisonment claims must be dismissed without prejudice at this time.[2]

While it is not entirely clear from the facts Plaintiff has presented in his complaint, it appears that he may also be attempting to raise malicious prosecution claims against the arresting officers. A malicious prosecution claim, however, requires a plaintiff to not only plead that the officers lacked probable cause to charge him with a crime, but also that the criminal proceedings terminated in the plaintiff's favor. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). As Plaintiff has not pled sufficient facts to show a lack of probable cause, and has in any event directly alleged that the criminal proceedings are ongoing, (*see* ECF No. 1 at 8), Plaintiff has failed to plead a plausible malicious prosecution claim at this time and any such claim is therefore dismissed without prejudice.

Finally, Plaintiff seeks to raise claims against his appointed attorney for that attorney's failings in representing Plaintiff's interests in detention hearings before the state courts. Public defenders and appointed criminal attorneys do not act under color of state law in providing legal services to criminal defendants. They are, therefore, not proper Defendants in a civil rights matter and are immune from suit under federal civil rights laws for actions taken in the capacity of appointed counsel. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). Plaintiff's claims against his appointed attorney, all of which appear to be aimed at that attorney's failings in representing Plaintiff in criminal proceedings, fail to state a claim for relief and must also be dismissed at this time. Because the Court dismisses all of Plaintiff's claims without

---

[2] Although Plaintiff makes much of apparent faults in his commitment paperwork as to the non-officer Defendants, he does not attempt to assert that those individuals lacked probable cause to receive him from police custody. Their receipt of Plaintiff is ancillary to the arresting officers' actions and thus they could in any event rely on the probable cause of the arresting officers. Because Plaintiff has failed to plead facts to imply that even the arresting officers lacked probable cause, he cannot make out a plausible false imprisonment claim on the downstream state actors who relied on those officers in accepting Plaintiff into custody based on the allegations in his current complaint.

5

prejudice, it dismisses Plaintiff's complaint without prejudice in its entirety. Plaintiff, however, is granted leave to file an amended complaint addressing the deficiencies in his claims within thirty days.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**